IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PETER J. SAKOL, M.D.,** : | CIVIL NO. 1:06-CV-0735 |
| : | |
| **Plaintiff** : | |
| v. : | (Judge Conner) |
| : | |
| **NATIONWIDE MUTUAL** : | |
| **INSURANCE COMPANY,** : | |
| : | |
| **Defendant** | |

## ORDER

AND NOW, this 21st day of June, 2007, upon consideration of the report of the magistrate judge (Doc. 23), recommending that defendant's motion for summary judgment (Doc. 16) be granted in part and denied in part, to which objections have been filed (Doc. 24), and, following an independent review of the record, it appearing that there is sufficient evidence of record from which a reasonable jury could conclude that plaintiff suffered an actual loss of gross income as a result of his motor vehicle accident,[1] see Persik v. Nationwide Mut. Ins. Co., 554 A.2d 930, 932 (Pa. Super. Ct. 1989) (stating that recovery of loss of income following a motor

---

[1] Plaintiff is a self-employed medical doctor. In a sworn affidavit, plaintiff states that the injuries that he received in his motor vehicle accident have prevented him from working a "full schedule" and have resulted in a corresponding loss of income. (Doc. 20, Ex. J ¶¶ 3, 5-6) He has supported these assertions with a tabulation of the total number of working days and surgeries that he has forgone as a result of his injuries and with two expert reports calculating the amount of income he has lost as a result. (Doc. 20, Exs. B, C, D, E.) Nationwide asks the court to deem this evidence insufficient to permit the question of loss of income to reach the jury. However, Nationwide has failed to proffer any legal authority setting forth explicit standards of proof to be used by self-employed individuals attempting to establish income loss. In the absence of such authority, the court cannot conclude that the ample evidence submitted by plaintiff is insufficient to establish income loss.

vehicle accident must be "based upon a real, actual loss of income which would have been earned 'but for' injuries received in the accident"), but that the two-year statute of limitations bars plaintiff's claim of insurance bad faith pursuant to 42 PA. CONS. STAT. ANN. § 8371, see Ash v. Cont'l Ins. Co., 861 A.2d 979, 984 (Pa. Super. Ct. 2004) (stating that a claim of insurance bad faith under 42 PA. CONS. STAT. ANN. § 8371 "is a statutorily-created tort action subject to a two-year statute of limitations"), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 23) is ADOPTED.

2. Defendant's motion for summary judgment (Doc. 16) is GRANTED with respect to plaintiff's claim of insurance bad faith pursuant to 42 PA. CONS. STAT. ANN. § 8371.

3. Defendant's motion for summary judgment (Doc. 16) is otherwise DENIED.

4. The Clerk of Court is directed to defer the entry of judgment until the conclusion of this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge